Simon v. El Paso & S. W. Co., 22 N. M. 211.

[No. 1907, September 12, 1916.]
# SIMON v. EL PASO & S. W. CO.

## SYLLABUS BY THE COURT.

1. The time within which an appeal may be taken from a judgment entered nunc pro tunc as of a former day, commences to run from the date of the entry of the nunc pro tunc judgment, and not from the former day.

P. 213

2. Where an appellee in the district court, on appeal from a justice of the peace, first moves to dismiss said appeal because not taken in time, and afterwards, by evident oversight, files a second motion to "dismiss the cause," but bases said motion upon grounds for dismissal of the appeal only, and takes therein no position and asserts therein no grounds available for a dismissal of the cause, he will not be held to have entered a general appearance so as to waive irregularities in taking or perfecting the appeal.

P. 213

Appeal from District Court, Guadalupe County; D. J. Leahy, Judge.

Action by W. R. Simon aginst the El Paso & Southwestern Company. From a judgment for plaintiff, defendant appeals. Dismissed.

HAWKINS & FRANKLIN of El Paso, Tex., and EDWIN MECHEM of Alamogordo, for appellant.

FRANK FAIRCLOTH of Santa Rosa, for appellee.

## OPINION OF THE COURT.

PARKER, J.—This case was before the court on a former occasion, and the appeal was dismissed without opinion. A rehearing was granted, and the case was argued upon the appellee's motion to dismiss the appeal. This action originated before a justice of the peace and resulted in a judgment in favor of appellee for the sum of $200 and costs. The judgment was rendered on the 24th

day of October, 1914. On the 3d day of December the appellant appeared before the justice of the peace and filed its appeal bond, which was approved by the justice of the peace, and the case was sent up to the district court by him. On January 23, 1915, a motion to dismiss the appeal was filed in the district court by the appellee, setting up that the district court had no jurisdiction of the cause for the reason that the appellant did not perfect its appeal within ten days after the rendition of the judgment, as required by statute. On the 2d day of April, appellee filed what is denominated a further motion to dismiss, but for some reason the motion is to dismiss the cause and not to dismiss the appeal. The motion is founded upon the same ground as the motion of January 23, 1915, setting out the grounds more in detail. On April 6, 1915, the judge made an entry upon his docket ordering a dismissal of the appeal. On the same day the clerk, in entering up the judgment upon this order of the court, entered up a judgment dismissing the cause instead of dismissing the appeal. On September 29, 1915, appellee filed a motion to correct the judgment and make it conform to the facts, and to show that the appeal and not the cause was dismissed. On the same day the court ordered and adjudged that the said judgment be corrected and made to show that the appeal was dismissed instead of the cause, and that said judgment be entered nunc pro tunc as of the date of April 6, 1915. A motion to vacate the nunc pro tunc judgment filed by appellant was afterwards overruled. On October 22, 1915, an appeal was granted to appellant to this court.

In this court appellee moves to dismiss this appeal upon two grounds: (1) Because this court has no jurisdiction to entertain the appeal for the reason that the appeal was not taken by appellant within six months from the date of final judgment in the district court, the final judgment having been entered on the 6th day of April, 1915, and the appeal having been taken on the 19th day of October, 1915, more than six months after the rendition of the judgment; (2) because this court has no jurisdiction to

entertain the appeal for the reason that the district court had no jurisdiction of the cause, as the appeal was not taken from the judgment of the justice of the peace within the statutory time required for appeal in such cases, to-wit, ten days, as shown by the transcript filed herein.

[1] The first proposition involves the question as to the time within which an appeal may be taken from a judgment entered nunc pro tunc as of a former day. It is urged by appellant, we think correctly, that the time within which an appeal may be taken to this court in a case of this kind commences to run from the date of the entry of the nunc pro tunc judgment, and not from the date of the original judgment. This must be so. This case well illustrates the necessity for such doctrine. Appellee waited from April 6th to September 29th, more than four months and a half, before he applied for the correction of the judgment. If he could wait four months and a half, he could wait more than six months. During all this time the appellant could not appeal from the judgment because there was nothing in the judgment from which it desired to appeal. The judgment as it stood upon the records of the district court was a judgment in its favor, it being one of dismissal of the cause of action. If, after expiration of the statutory period of six months for appeal, the appellee could move for the correction of a judgment and secure a judgment correcting the same, and have such judgment entered nunc pro tunc as of the date of the former judgment which was corrected by the latter, and if thereupon the time within which an appeal could be taken by any person aggrieved by such judgment as amended or corrected is to be computed from the date of the original judgment, the right of appeal would be thereby lost and destroyed. Such a proposition is not to be countenanced. The date when the time within which to take an appeal begins to run from a judgment entered nunc pro tunc as of a former day is the date of the entry of nunc pro tunc judgment. 3 C. J. 1058, § 1056.

[2] Appellee urges that the district court had no jurisdiction of the cause for the reason that the appeal from the justice of the peace was not taken within time, and

that, consequently, this court has no jurisdiction of the cause. Appellant attempts to demonstrate that the district court did have jurisdiction of the subject-matter and of the person of the appellee. We do not understand appellant to contend 'that this court has jurisdiction of the cause unless the district court also had jurisdiction of the same. The argument of appellant is based upon the proposition that the appellee entered a general appearance in the district court, thereby waiving any irregularity in the appeal proceedings from the court of the justice of the peace to the district court. The claim that the appellee entered a general appearance is based upon the fact that his second or further motion to dismiss was a motion to dismiss the cause. This feature of this motion was evidently in error and by oversight on the part of the appellee. The first motion filed was a motion to dismiss the appeal, and was based upon the same grounds set out in the second motion ,viz., that no appeal had been taken within time. The only difference between the two motions is that, in the second motion the reasons why the appeal had not been taken in time are set out in great detail and with great particularity. It is also apparent from the action which the district court took that he treated the motion as a motion to dismiss the appeal, and it was evidently so treated by all the parties concerned. The grounds set up in the motion are not grounds for the dismissal of the cause, but, on the other hand, they are grounds for the dismissal of the appeal. To hold the appellee to an evident misprision would be to put form above substance, and to render the administration of the law a scheme to defeat justice. If there were any evidence in either of the motions that the appellee intended to enter a general appearance or take any position or ground in the motions consistent with a general appearance, he would of course be bound thereby. But the contents of the motion show clearly that no general appearance was intended to be entered. There was therefore no general appearance entered in the cause by the appellee.

This being the situation, it is apparent that the motion of appellee to dismiss the appeal in this court is to be

sustained. The district court obtained no such jurisdiction of the cause of action as would be required in order to render its judgment effective for any purpose other than the dismissal of the appeal. The appellee appeared therein and moved to dismiss the appeal for the reason that it had not been taken in time, and the action of the court in sustaining such motion was correct. It would be more logical to affirm the judgment of the district court dismissing the appeal from the justice of the peace; but, as the parties have suggested no such consideration, but have treated the motion to dismiss as the proper procedure, the court will do so also.

The motion to dismiss the appeal will be sustained, and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.